

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 400*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

September 15, 2005

John Zagari, Esquire
Lawyers Building, Suite 1609
428 Forbes Avenue
Pittsburgh, PA 15219

Re:   United States of America v.
      Glen Wagner and Wagner Excavation Services, Inc.
      Criminal No. 05-318

Dear Mr. Zagari:

This letter sets forth the agreement by which your clients, Glen
Wagner and Wagner Excavation Services, Inc., will enter pleas of
guilty in the above-captioned case.  The letter represents the full
and complete agreement between Glen Wagner and Wagner Excavation
Services, Inc. and the United States Attorney for the Western
District of Pennsylvania.  The agreement does not apply to or bind
any other federal, state, or local prosecuting authority.

     A.   The defendants, Glen Wagner and Wagner Excavation
Services, Inc., agree to the following:

          1.   Glen Wagner and Wagner Excavation Services, Inc.
               will each enter a plea of guilty to Count One of
               the Information at Criminal No. 05-318  , charging
               them with violating 29 U.S.C. § 666(e) and 18
               U.S.C. § 2, pursuant to Rule 11 of the Federal
               Rules of Criminal Procedure.  A draft copy of the
               Information is attached hereto as Exhibit"A".

          2.   Glen Wagner and Wagner Excavation Services, Inc.
               will pay mandatory restitution under the Victim-
               Witness Protection Act, 18 U.S.C. §§3663, 3663A and
               3664, to the victims and/or other persons or
               parties authorized by law in such amounts, at such
               times, and according to such terms as the Court
               shall direct.

LIMITED OFFICIAL
USE



GOVERNMENT
EXHIBIT

3.   Upon request of the United States, Glen Wagner and
     Wagner Excavation Services, Inc. agree to provide
     all information regarding their income, assets and
     financial status.

4.   If the Court imposes a fine or restitution as part
     of a sentence of incarceration, Glen Wagner agrees
     to participate in the United States Bureau of
     Prisons' Inmate Financial Responsibility Program,
     through which 50% of his prison salary will be
     applied to pay the fine or restitution.

5.   At the time Glen Wagner and Wagner Excavation
     Services, Inc. enter their pleas of guilty, Glen
     Wagner will deposit a special assessment of $10.00
     and Wagner Excavation Services, Inc. will deposit a
     special assessment of $50.00 in the form of cash,
     or check or money order payable to "Clerk, U.S.
     District Court". In the event that sentence is not
     ultimately imposed, the special assessment deposits
     will be returned.

6.   Glen Wagner and Wagner Excavation Services, Inc.
     waive any former jeopardy or double jeopardy claims
     they may have in or as a result of any related
     civil or administrative actions.

7.   Glen Wagner and Wagner Excavation Services, Inc.
     waive the right to take a direct appeal from their
     convictions or sentences under 28 U.S.C. §1291 or
     18  U.S.C.  §3742,  subject  to  the  following
     exceptions:

          (a)  If the United States appeals from the
               sentence,   Glen   Wagner   and   Wagner
               Excavation Services, Inc. may take a
               direct appeal from the sentence.

          (b)  If the sentence exceeds the applicable
               statutory limits set forth in the United
               States Code.

     Glen Wagner and Wagner Excavation Services, Inc.
     further waive the right to file a motion to vacate
     their sentences, under 28 U.S.C. §2255, attacking
     their convictions or sentences, and the right to
     file any other collateral proceeding attacking
     their convictions or sentences.

B.     In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

>    1.     The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Glen Wagner and Wagner Excavation Services, Inc. in the offense charged in the Information and of any other matters relevant to the imposition of fair and just sentences.
>
>    2.     The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentences or in response to any post-sentence motions.

C.     Glen Wagner and Wagner Excavation Services, Inc. and the United States Attorney further understand and agree to the following:

>    1.     The penalty that may be imposed upon Glen Wagner is:
>
>       (a)   A term of imprisonment of not more than six months;
>
>       (b)   A fine of $250,000.00;
>
>       (c)   A term of supervised release of one year;
>
>       (d)   A special assessment under 18 U.S.C. §3013 of $10.00;
>
>       (e)   Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664.
>
>    2.     The penalty that may be imposed upon Wagner Excavation Services, Inc. is:
>
>       (a)   A fine of $500,000.00;
>
>       (b)   A term of supervised release of one year;
>
>       (c)   A special assessment under 18 U.S.C. §3013 of $50.00;
>
>       (d)   Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664.

Page 4

3.   The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4.   The parties stipulate that the appropriate criminal fine for Glen Wagner is $25,000.00 and an additional $25,000.00 for Wagner Excavation Services, Inc.

5.   The parties agree that the failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement.   Glen Wagner and Wagner Excavation Services, Inc. acknowledge that the failure to pay any fine may subject each of them to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

6.   The parties agree that any term of supervised release or probation will incorporate the terms of the civil settlement agreement that is attached hereto as Exhibit "B".   Any breach of the terms of the civil settlement agreement will also be deemed a breach of this plea agreement.

This letter sets forth the full and complete terms and conditions of the agreement between Glen Wagner and Wagner Excavation Services, Inc. and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

MARY BETH BUCHANAN
United States Attorney

Case 2:05-cr-00318-TFM   Document 6   Filed 10/12/05   Page 5 of 16

Page 5

I have received this letter from my attorney, John Zagari, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

GLEN WAGNER

10/12/05
Date

Witnessed by:

JOHN ZAGARI, ESQUIRE
Counsel for Glen Wagner

Page 6

I have received this letter on behalf of the defendant, Wagner
Excavation Services, Inc.   As President of Wagner Excavation
Services, Inc., pursuant to the corporate resolution, attached
hereto and incorporated herein, I have been authorized and directed
to appear on behalf of Wagner Excavation Services, Inc. as its
designated authorized representative to formally enter a plea of
guilty to the Information at Criminal Number _05-318_.  I have read
the plea agreement and discussed it with the officers and directors
of Wagner Excavation Services, Inc., and acknowledge that it fully
sets forth the terms and conditions of the agreement between the
Office of the United States Attorney for the Western District of
Pennsylvania and Wagner Excavation Services, Inc.   I affirm that
there have been no additional promises or representations made to
Wagner Excavation Services, Inc. by any agents or officials of the
United States in connection with this matter.

GLEN WAGNER, PRESIDENT
WAGNER EXCAVATION SERVICES, INC.

_10-12-05_
Date

Witnessed by:

JOHN ZAGARI, ESQUIRE
Counsel for Wagner Excavation Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            )
                                    )   Criminal No.
        v.                          )
                                    )   (29 U.S.C. § 666(e) and
GLEN WAGNER                         )   18 U.S.C. § 2)
WAGNER EXCAVATION SERVICES, INC.    )

## INFORMATION

The United States Attorney charges:

On or about June 29, 2004, in the Western District of Pennsylvania, the defendants, GLEN WAGNER and WAGNER EXCAVATION, INC., employed an individual known to the United States Attorney as WP, who died as a result of the defendants', GLEN WAGNER and WAGNER EXCAVATION, INC., willful violation of standards promulgated pursuant to 29 U.S.C. § 655, namely 29 C.F.R. § 1926.652(a)(1), which requires employers to ensure that each employee in an excavation is protected from cave-ins by an adequate protective system designed in accordance with 29 C.F.R. § 1926.652(c).

In violation of Title 29, United States Code, Section 666(e) and Title 18, United States Code, Section 2.

                                    MARY BETH BUCHANAN
                                    United States Attorney
                                    PA ID No. 50254

EXHIBIT "A"

## UNITED STATES OF AMERICA

## OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

```
------------------------------------------------------------
ELAINE L. CHAO, SECRETARY OF LABOR,     :
UNITED STATES DEPARTMENT OF LABOR,
                                        :
                Complainant,
                                        :   OSHRC Docket
        v.
                                        :   No. 05-0032
WAGNER DEVEL. CO., INC. & WAGNER
EXCAVATION SVCS., INC.,                 :
    and its successors
                Respondents.            :

------------------------------------------------------------
```

### SETTLEMENT AGREEMENT

The parties, Wagner Development Co., Inc. and Wagner Excavation Services, Inc.,

("Respondents") and Elaine L. Chao, Secretary of Labor, the United States Department of Labor,

("Complainant"), by their undersigned representatives, have reached a full and complete

settlement of the above-referenced matter pursuant to 29 C.F.R. § 2200.100 of the Occupational

Safety and Health Review Commission's ("Review Commission") Rules of Procedure.

Accordingly, the parties agree as follows:

1.      The Review Commission has jurisdiction of this matter pursuant to Section 10(c)

of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq. (hereinafter the

"Act").

work, of the exact location of any worksite where excavation work will be anticipated dates that such work will be ongoing. Respondents will not obj by OSHA of any such worksites.

c. Respondents further agree to participate in a commitment aimed at educating employers on the dangers of excavation w importance of complying with OSHA excavation standards. In fulfillment Respondents will provide to OSHA an article for publication regarding the that occurred on its worksite and the need to comply with OSHA excavatio community service commitment shall be fulfilled within thirty days of the suits against Respondents arising out of the fatality that occurred on June 2 shall notify OSHA of the date on which all such civil suits are resolved.

4. Respondent withdraws its Notice of Contest to the Citations Penalty as amended by this Settlement Agreement.

5. Respondent will pay the total penalty of $100,000.00 in acc following schedule. Respondents will pay $50,000.00 within thirty (30) da Stipulation and Settlement Agreement by the Administrative Law Judge. the balance of $50,000.00 over three years in accordance with the followin first payment, of $1420.00, shall be due on the first day of the month follo initial payment of $50,000.00. Each successive payment, of $1388.00, sh day of each succeeding month for the next 35 months. In the event that Re make payment by the twenty-first day of the month in which payment is du default and the entire unpaid balance immediately becomes due and payabl

3

work, of the exact location of any worksite where excavation work will be performed and the anticipated dates that such work will be ongoing. Respondents will not object to an inspection by OSHA of any such worksites.

            c.     Respondents further agree to participate in a public service commitment aimed at educating employers on the dangers of excavation work and the importance of complying with OSHA excavation standards. In fulfillment of this commitment, Respondents will provide to OSHA an article for publication regarding the excavation fatality that occurred on its worksite and the need to comply with OSHA excavation standards. This community service commitment shall be fulfilled within thirty days of the resolution of all civil suits against Respondents arising out of the fatality that occurred on June 29, 2004. Respondents shall notify OSHA of the date on which all such civil suits are resolved.

        4.     Respondent withdraws its Notice of Contest to the Citations and Notification of Penalty as amended by this Settlement Agreement.

        5.     Respondent will pay the total penalty of $100,000.00 in accordance with the following schedule. Respondents will pay $50,000.00 within thirty (30) days of approval of this Stipulation and Settlement Agreement by the Administrative Law Judge. Respondents will pay the balance of $50,000.00 over three years in accordance with the following payment plan: The first payment, of $1420.00, shall be due on the first day of the month following Respondent's initial payment of $50,000.00. Each successive payment, of $1388.00, shall be due on the first day of each succeeding month for the next 35 months. In the event that Respondent does not make payment by the twenty-first day of the month in which payment is due, Respondent is in default and the entire unpaid balance immediately becomes due and payable to OSHA.

2.      Complainant amends the Citations and Notification of Penalty as follows:

    a.      Serious Citation Number 1

Item numbers 1 through 6 remain as issued, except that the penalty for each item is reduced to $1,500.00. The total penalty for Citation No. 1 is $9,000.00.

    b.      Willful Citation Number 2

Item numbers 1 through 7 remain as issued, except that the penalty for each item is reduced to $13,000.00. The total penalty for Citation No. 2 is $91,000.00.

3.      The parties agree that this Settlement Agreement amends the Citations and Notifications of Penalty to include, as part of the agreed upon abatement, that Respondents will take the following actions:

    a.      Respondents will ensure that all employees, including managers, supervisors, and foremen, who are assigned to perform or supervise excavation work receive training in the requirements of Subpart P (Excavations) of Part 1926, 29 U.S.C. §§ 1926.650 – 652. Respondents will provide to the Pittsburgh OSHA Area Office documentation of such training and the names of employees trained within 60 days of the date of approval of this Settlement Agreement by the Administrative Law Judge. Respondents agree to comply with the requirements of Subpart P of Part 1926 in all future excavation work and to ensure that each employee in an excavation is protected from cave-ins by an adequate protective system in compliance with the requirements of 29 C.F.R. § 1926.652.

    b.      Respondents agree that, for a period of three years from the date of the Administrative Law Judge's approval of this Settlement Agreement, it will provide written notice to the Pittsburgh Area Office, at least seven working days before it begins excavation

The checks shall be made payable to "OSHA-Labor" and forwarded to the Pittsburgh OSHA Office at the following address:

> William S. Moorhead Federal Building
> 1000 Liberty Avenue, Room 1428
> Pittsburgh, PA 15222-4101

6.    Respondent will post a copy of this Settlement Agreement in accordance with the requirements of 29 C.F.R. §§ 2200.100(c) and 2200.7 at _____(location) on

_____ 2005, so as to provide notice to all affected employees at the worksite.

7.    The Citations and Notification of Proposed Penalty, as amended by this Settlement Agreement, and this Settlement Agreement shall become final Orders of the Review Commission and the parties consent to the entry of the attached Consent Order Approving Settlement.

8.    This Settlement Agreement is entered into by Respondents in conjunction with plea agreements in which Glen Wagner and Wagner Excavation Services, Inc. have agreed to enter pleas of guilty to Count One of the Information at Criminal No. _____ 05 - 318 _____, charging them with violating 29 U.S. C. §666(e) and 18 U.S.C. § 2.  Copies of the Plea Agreements and the Information are attached as Exhibits A and B to this Settlement Agreement.

9.    None of the foregoing agreements, stipulations, or actions taken by Respondents shall be deemed an admission by Respondents of any of the allegations contained in the citation. The agreements, statements, stipulations, and actions herein are made solely for the purpose of settling this matter economically and amicably without further litigation and shall not be used for any purpose except for proceedings and matters arising under the Occupational Safety and Health Act of 1970.

4

10. Respondents agree that this Agreement and the terms thereof shall be enforceable under Section 11(b) of the Occupational Safety and Health Act, 29 U.S.C. § 66(b). Respondents will not file any objection to the Secretary's filing of a Section 11(b) Order.

11. Each party agrees to bear its own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees and costs which may be available under the Equal Access to Justice Act, as amended.

WAGNER EXCAVATION SERVICES, INC.

By: John J. Zagari
Attorney for
Wagner Excavation Services, Inc.

Dated: 10/12/05

WAGNER DEVELOPMENT CO., INC.

By: Paul D. Krepps, Pres
Attorney for
Wagner Development Co., Inc.

Dated: 10-12-05

U.S. DEPARTMENT OF LABOR

Howard M. Radzely
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

By: Gayle M. Green
Attorney

Attorneys for Complainant

Dated: 8/19/05

5

UNITED STATES OF AMERICA

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

---

ELAINE L. CHAO, SECRETARY OF LABOR,    :
UNITED STATES DEPARTMENT OF LABOR,
                                       :
                     Complainant,
                                       :    OSHRC Docket
          v.
                                       :    No. 05-0032
WAGNER DEVEL. CO., INC. & WAGNER
EXCAVATION SVCS., INC.,                :
     and its successors
                     Respondents.      :

---

## CONSENT ORDER APPROVING SETTLEMENT

The parties advise that all matters in dispute have been amicably resolved and agree to

entry of the order set forth below. It is therefore, ORDERED that:

1. The Settlement Agreement is approved and the terms thereof are incorporated into this

Order.

2. The citations and proposed penalties are affirmed in accordance with the Settlement

Agreement.

3. The total penalty associated with the affirmed citations amounts to $100,000.00.


_____

Judge, OSHRC

Dated:

# Corporate Resolution of Wagner Excavation Services, Inc.

The Board of Directors and all shareholders have resolved the following:

1. The US Attorney's office of the Western District of Pennsylvania charged Wagner Excavation by information on October 5, 2005 at Criminal No. 05-318.

2. This Corporation was charged with 29 U.S.C. § 655, namely 29 C.F.R. §1926.652 (a) (1).

3. Glen Wagner is authorized on behalf of the Shareholders, Board of Directors and, Corporation to enter a plea of guilty, on behalf of the Corporation.

**FURTHER,** the officers of the corporation are instructed to take any and all necessary action on behalf of the corporation, to effectuate the above.

**RESOLVED**, that by the signing of this Resolution it shall constitute a full ratification thereof and a waiver of notice of the meeting by the signators.

Witness

Witness

Glen Wagner
President/Director/Shareholder

George Wagner
Secretary/Shareholder